UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT T. TURNER,

     Petitioner,

         v.

                                              Civil No. 20-cv-50-JPG

                                              Criminal No 17-cr-40035-JPG

UNITED STATES OF AMERICA,

     Respondent.

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on petitioner Robert T. Turner's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

### I.    Background

On June 6, 2017, a grand jury indicted Turner on two counts of distribution of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(C) and one count of possession with intent to distribute 50 grams or more of methamphetamine in the form of ice or 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(A).   On September 7, 2017, the Government filed an information under 21 U.S.C. § 851 alleging one prior Illinois felony drug conviction.   On October 19, 2017, Turner pled guilty to all three counts without a plea agreement.   The Court held a sentencing hearing on February 6, 2018, at which it found Turner to be a career offender and sentenced him to serve 264 months in prison on each count, all to run concurrently.   Turner appealed his conviction to the United States Court of Appeals for the Seventh Circuit.   On November 14, 2018, the Court of Appeals dismissed the appeal after allowing counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).   *See United States v. Turner*, 742 F. App'x 145 (7th Cir. 2018).   Turner did not seek a writ of *certiorari* from the Supreme Court.

## II.     Voluntariness of Plea

In his timely § 2255 motion, the petitioner makes multiple arguments, one of which is that his plea was not knowing, voluntary, and intelligent because he was on medication that rendered him incapable of making rational decisions and judgments, all in violation of his Fifth Amendment due process rights (Ground 4).

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."   28 U.S.C. § 2255(a).   However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'"   *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)).   It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

As noted above, Turner claims that his plea was not knowing, voluntary, or intelligent. If this is true, it would vitiate that plea.   Due process demands that a defendant who pleads guilty have the same competency level as one who proceeds to trial—"sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him," *Dusky v. United States*, 362 U.S. 402, 402 (1960) (*per curiam*).   *Godinez v. Moran*, 509 U.S. 389, 397-98 (1993); *Anderson v. United States*, 865 F.3d 914, 919 (7th Cir. 2017).   The waiver of the right to trial must also be knowing and voluntarily.   *Godinez*, 509 U.S. at 400-01; *Anderson*, 865 F.3d at 919-20.

2

A defendant cannot constitutionally plead guilty where his psychiatric condition or medication side-effects render him without rational understanding or unable to knowingly and voluntarily plead guilty.  *See Anderson*, 865 F.3d at 920 (use of psychotropic drugs can create substantial doubt about defendant's fitness to plead guilty).   It is for this reason that "[a] judge is required to investigate the defendant's mental state if there are indications at the plea hearing or later of an impairment that made him incompetent to plead."  *United States v. Hardimon*, 700 F.3d 940, 943 (7th Cir. 2012).   Furthermore, a defendant's outward appearance of lucidity are not conclusive of competency.  *Id.*   "A combination of deeply confused or clouded thinking with coherent speech and a normal demeanor is rare, however."  *Id.*

Nevertheless, common medications such as antidepressants "are taken by millions of people, and it can't just be assumed from the fact that someone is taking them that he can't think straight."  *Id.* at 944.   It is for this reason that, to justify withdrawing a guilty plea where the Court has made appropriate inquiries at the plea hearing, a defendant must "present the affidavit of a qualified psychiatrist" or other objective evidence to demonstrate the defendant's inability to think.  *Id.*   The Court demands an equivalent level of proof before vacating a conviction and sentence based on a guilty plea

During the plea colloquy in this case, the Court had the following exchange with Turner:

THE COURT:   Are you currently taking any medications?

DEFT. TURNER:   Something to help me sleep for insomnia.   I don't know what it's called.

THE COURT:   When did you last take it?

DEFT. TURNER:   I take it every night.

THE COURT:   Does that affect your ability to understand what you are doing here today?

DEFT. TURNER:   No.

Plea Tr. 3-4 (Oct. 19, 2017) (Case No. 17-cr-40035-JPG, Doc. 51).   In light of Turner's

assurances that his medication did not affect his ability to understand the plea proceedings and

the lack of any external signs of confusion or irrational thinking, the Court proceeded with the

plea colloquy, eventually accepting Turner's guilty plea.

In his § 2255 motion, Turner reveals that the medication was 25 milligrams of

Amitriptyline, which he claims is "a narcotic for psychological ailments and disorders" that

rendered him "incapable of making rational decisions and judgments."   Pet.'s § 2255 Mot. (Doc.

1 at 9-10).   Amitriptyline is actually a non-narcotic tricyclic antidepressant used to treat

symptoms of depression.   Mayo Clinic, Drugs and supplements, *Amitriptyline (oral route)*,

https://www.mayoclinic.org/drugs-supplements/amitriptyline-oral-route/description/drg-

20072061 (visited May 12, 2020); *see* U.S. Drug Enforcement Administration, Narcotics

(opioids), https://www.dea.gov/taxonomy/term/331 (visited May 12, 2020) (stating "today

'narcotic' refers to opium, opium derivatives, and their semi-synthetic substitutes").   Confusion

and disturbed concentration are possible side effects of Amitriptyline.   *Id.*, https://

www.mayoclinic.org/drugs-supplements/amitriptyline-oral-route/side-effects/drg-20072061

(visited May 12, 2020).

Turner now claims, contrary to his sworn statement at his plea colloquy, that his

medication *did* affect his ability to understand his decision to plead guilty.   While the Court

continues to believe—based on Turner's statements and demeanor at the plea hearing as well as

the presentence investigation report's finding of no history of mental or emotional problems, 2d

Rev. PSR ¶ 57 (Case No. 17-cr-40035-JPG, Doc. 36 at 12)—that he was competent to plead

guilty and that he knowingly and voluntarily did so, the Court is mindful that outward

appearances are not always dispositive of this issue.   It is further mindful, however, that it is

Turner's burden to show his plea was involuntary, and he has not alleged to any facts or pointed

to a shred of evidence in support of his *post hoc* self-serving statement that he was not thinking

rationally at the time.   Until he produces some evidence of his irrational mental state during his

plea colloquy, such as, for example, the affidavit of a qualified psychiatrist mentioned in

*Hardimon*, the Court will not require the Government to respond to this argument.   The Court

will allow Turner to supplement his petition with objective evidence of his irrationality at the

plea hearing, and if he is unable to do so, the Court will reject this as a basis for § 2255 relief.

Once the Court receives this supplement, it will conduct the preliminary review

contemplated by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United

States District Courts and decide whether there is a need for the Government to respond to

Turner's § 2255 motion.

**III.    Conclusion**

The Court **ORDERS** that Turner shall have 30 days from entry of this order to

supplement his § 2255 motion with evidence beyond his own self-serving statements in support

of his claim that he did not have a reasonable degree of rational understanding or a rational and

factual understanding of the plea proceedings at that time.   The Court **WARNS** Turner that if he

fails to supplement his motion with such evidence in a timely manner, the Court may reject

Ground 4 as a basis for § 2255 relief.

**IT IS SO ORDERED.**
**DATED:   May 14, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

5