UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT T. TURNER,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 20-cv-50-JPG
Criminal No 17-cr-40035-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Robert T. Turner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

**I.    Background**

On June 6, 2017, a grand jury indicted Turner on two counts of distribution of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(C)—Count 1 on or about March 17, 2017, and Count 2 on or about April 5, 2017—and one count of possession with intent to distribute 50 grams or more of methamphetamine in the form of ice or 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(A)—Count 3. An arrest warrant was issued that same day based on the return of the indictment, and a writ of *habeas corpus ad prosequendum* was issued the following day to obtain Turner's presence from the Lawrence County Jail at his June 21, 2017, initial appearance and arraignment. He was being held at the jail at that time on related state charges. On September 7, 2017, the Government filed an information under 21 U.S.C. § 851 alleging one prior Illinois felony drug conviction—possession of a controlled substance. On October 19, 2017, Turner pled guilty to all three counts without a plea agreement. Prior to accepting the plea, the Court conducted a plea colloquy that substantially complied with Federal

Rule of Criminal Procedure 11.

The Court held a sentencing hearing on February 6, 2018, at which it found Turner to be a career offender based on two prior felony drug convictions and sentenced him to serve 264 months in prison on each count, all to run concurrently. Turner appealed his conviction to the United States Court of Appeals for the Seventh Circuit. In that proceeding, he indicated he did not wish to withdraw his guilty plea. On November 14, 2018, the Court of Appeals dismissed the appeal after allowing counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Turner*, 742 F. App'x 145 (7th Cir. 2018). Turner did not seek a writ of *certiorari* from the Supreme Court.

**II.    § 2255 Motion**

In his timely § 2255 motion, the petitioner makes the following arguments:[1]

Ground 1:   His trial level counsel, Assistant Federal Public Defender Judith Kuenneke, was constitutionally ineffective in violation of his Sixth Amendment rights because she failed:
a.   to seek suppression of evidence obtained in a search of Turner's home pursuant to a warrant that was obtained using evidence from a confidential source ("CS") who had entered Turner's home without his authorization, where the judge issuing the warrant was not informed of the CS's unauthorized entry, in violation of Turner's Fourth Amendment rights against unreasonable search;
b.   to seek suppression of evidence obtained about debit cards seized during that search where law enforcement did not have a warrant for a further search of the cards' activity;
c.   to challenge his arrest on a federal warrant where there was no affidavit in support of the warrant;

Ground 2:   Kuenneke was constitutionally ineffective in violation of his Sixth Amendment rights because she failed to seek dismissal of the indictment on the grounds that it was obtained using evidence acquired during the

---

[1] The Court has attempted to set forth the arguments in Turner's motion, but it is not familiar with the details of the investigation of this case. To the extent the Government, which knows more about the investigation, believes the arguments need to be construed differently, the Court invites it to do so in its response.

>                       CS's unauthorized entry into Turner's home;
>
> Ground 3:    Kuenneke was constitutionally ineffective in violation of his Sixth
>              Amendment rights because she failed to seek dismissal of the indictment
>              on the grounds that Turner's state initial appearance/probable cause
>              hearing before a state judicial officer was excessively delayed; that state
>              and federal officials colluded; that the delayed hearing resulted in a
>              violation of the Fifth Amendment Double Jeopardy Clause and deprived
>              this Court of jurisdiction over Turner's case; and that state authorities
>              impermissibly destroyed relevant evidence;
>
> Ground 4:    Turner's plea was not knowing, voluntary, and intelligent because he was
>              on medication that rendered him incapable of making rational decisions
>              and judgments, all in violation of his Fifth Amendment due process rights;
>              and
>
> Ground 5:    Conviction and punishment on both Counts 1 and 2 violated the Fifth
>              Amendment Double Jeopardy Clause because they involved the same
>              facts, the same statute of offense, and the same investigation.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Grounds 1.c, 4, and 5. The Court will order the Government to respond to the remaining arguments in Grounds 1.a, 1.b, 2, and 3.

## III. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of

the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

    A.    <u>Ground 4:   Voluntariness of Plea</u>

The Court starts with Turner's threshold claim that his plea was not knowing, voluntary, or intelligent. As the Court noted in its May 14, 2020, order (Doc. 2), if this is true and Turner did not competently plead guilty, it would vitiate his plea. Due process demands that a defendant who pleads guilty have the same competency level as one who proceeds to trial— "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him," *Dusky v. United States*, 362 U.S. 402, 402 (1960) (*per curiam*). *Godinez v. Moran*, 509 U.S. 389, 397-98 (1993); *Anderson v. United States*, 865 F.3d 914, 919 (7th Cir. 2017). The waiver of the right to trial must also be knowing and voluntarily. *Godinez*, 509 U.S. at 400-01; *Anderson*, 865 F.3d at 919-20.

A defendant cannot constitutionally plead guilty where his psychiatric condition or medication side-effects render him without rational understanding or unable to knowingly and voluntarily plead guilty. *See Anderson*, 865 F.3d at 920 (use of psychotropic drugs can create substantial doubt about defendant's fitness to plead guilty). It is for this reason that "[a] judge is required to investigate the defendant's mental state if there are indications at the plea hearing or later of an impairment that made him incompetent to plead." *United States v. Hardimon*, 700 F.3d 940, 943 (7th Cir. 2012). Furthermore, a defendant's outward appearance of lucidity is not conclusive of competency. *Id.* "A combination of deeply confused or clouded thinking with coherent speech and a normal demeanor is rare, however." *Id.*

4

Nevertheless, standard antidepressants "are taken by millions of people, and it can't just be assumed from the fact that someone is taking them that he can't think straight." *Id.* at 944. It is for this reason that, to justify withdrawing a guilty plea where the Court has made appropriate inquiries at the plea hearing, a defendant must "present the affidavit of a qualified psychiatrist" to demonstrate the defendant's inability to think. *Id.* The Court demands an equivalent level of proof before vacating a conviction and sentence.

During the plea colloquy in this case, the Court had the following exchange with Turner:

THE COURT: Are you currently taking any medications?

DEFT. TURNER: Something to help me sleep for insomnia. I don't know what it's called.

THE COURT: When did you last take it?

DEFT. TURNER: I take it every night.

THE COURT: Does that affect your ability to understand what you are doing here today?

DEFT. TURNER: No.

Plea Tr. 3-4 (Oct. 19, 2017) (Case No. 17-cr-40035-JPG, Doc. 51). In light of Turner's assurances that his medication did not affect his ability to understand the plea proceedings and the lack of any external signs of confusion or irrational thinking, the Court proceeded with the plea colloquy, eventually accepting Turner's guilty plea.

In his § 2255 motion, Turner reveals that the medication was 25 milligrams of Amitriptyline, which he claims is "a narcotic for psychological ailments and disorders" that rendered him "incapable of making rational decisions and judgments." Pet.'s § 2255 Mot. (Doc. 1 at 9-10). Amitriptyline is actually a non-narcotic tricyclic antidepressant used to treat symptoms of depression. Mayo Clinic, Drugs and supplements, *Amitriptyline (oral route)*,

5

https://www.mayoclinic.org/drugs-supplements/ amitriptyline-oral-route/description/drg-20072061 (visited June 15, 2021). Confusion and disturbed concentration are possible side effects of Amitriptyline. *Id.*, https://www.mayoclinic.org/drugs- supplements/amitriptyline-oral-route/side-effects/drg-20072061 (visited June 15, 2021).

Turner now claims, contrary to his sworn statement at his plea colloquy, that his medication *did* affect his ability to understand his decision to plead guilty. The objective evidence supports the conclusion that he was competent to plead guilty—Turner's statements and demeanor at the plea hearing, his presentence investigation report's finding of no history of mental or emotional problems, 2d Rev. PSR ¶ 57 (Case No. 17-cr-40035-JPG, Doc. 36 at 12), and his representation on direct appeal that he did not want to withdraw his guilty plea. However, mindful that outward appearances are not always dispositive of this issue, the Court allowed Turner an opportunity to supplement his § 2255 motion with some kind of objective evidence of his irrationality at the plea hearing beyond his own *pos hoc* self-serving statement (Doc. 2). It further warned him that if he was unable to point to some objective evidence, the Court would reject Ground 4 as a basis for § 2255 relief.

Turner did not take the Court up on its invitation to supplement his motion. He has not cited any objective evidence that would show his mental state was irrational such that his plea was not valid because of side-effects from the medication he was taking at the time. Indeed, Turner was taking a standard, commonly prescribed, non-narcotic anti-depressant medication. His statements at the plea colloquy and his position on direct appeal, his history free of serious mental and emotional problems, and his failure to point to objective evidence of his irrationality make it plain on the record that Turner was competent to plead guilty. Thus, he is not entitled to § 2255 relief on Ground 4.

B. Ground 1, 2, and 3: Ineffective Assistance of Counsel

The majority of Turner's challenges to his sentence rests on alleged instances of ineffective assistance of counsel. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the second prong of the *Strickland* test, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694); *accord Groves*, 755 F.3d at 591.

Where a defendant pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v.*

7

*Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *Hill*, 474 U.S. at 59; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458. Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt*, 574 F.3d at 458; *see Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice."). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 137 S. Ct. at 1967.

The Court attempts to addresses Turner's scatter-shot assertions of constitutionally ineffective counsel in some semblance of logical order:

1. <u>Suppression of Evidence</u>

When a petitioner claims his counsel was ineffective for failing to file a motion to suppress, the petitioner bears the burden of proving the motion would have been meritorious. *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017). Turner faults his counsel for failing to

8

seek suppression of evidence on a variety of grounds:

*Ground 1.a*: Turner believes competent counsel would have moved to suppress evidence seized pursuant to a search warrant issued by a state court judge who was not informed that the information used to support the warrant was obtained from a confidential source ("CS") who was trespassing in Turner's home at the time. Turner's argument appears to be based on the fact that when the CS came to Turner's home on March 17, 2017, Turner failed to answer the door, so the CS entered the home and found Turner asleep in his bedroom. The investigation report then states that Turner sold the CS methamphetamine. This is the transaction that formed the basis for the distribution charged in Count 1. Turner claims Kuenneke told him such a motion would be fruitless, which demonstrates she evaluated whether to file the motion and did not act merely out of ignorance of the issue. However, there is simply not enough information in the motion or the record of the case to determine whether such a motion could have been successful or whether there is a reasonable probability that Turner would not have pled guilty had such a motion been filed.

*Ground 1.b*: Turner also believes competent counsel would have moved to suppress digital information law enforcement obtained without a warrant or probable cause from his seized debit cards by running these cards through a financial crimes system scanner. In dismissing his direct appeal, the Court of Appeals mentioned *Carpenter v. United States*, 138 S. Ct. 2206 (2018), which was decided June 22, 2018, and changed the legal landscape for some electronic searches. Turner claims Kuenneke told him no search warrant was required for law enforcement to retrieve information about the debit cards seized from his residence, and she declined to file a motion to suppress that evidence. Again, there is simply not enough information in Turner's § 2255 motion or the record of the case to determine whether such a

motion could have been successful or whether there is a reasonable probability that Turner would not have pled guilty had such a motion been filed.

*Ground 1.c*: Turner believes Kuenneke should have sought to suppress or quash his arrest on the federal warrant because the warrant was not supported by an affidavit demonstrating probable cause to arrest him. The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . persons . . . to be seized." U.S. Const. amend. IV.

The federal warrant to arrest Turner (Case No. 17-cr-40035-JPG, Doc. 4) complied with the Fourth Amendment because it was issued pursuant to a Grand Jury indictment (Case No. 17-cr-40035-JPG, Doc. 1). An indictment—fair on its face and rendered by a properly constituted grand jury—conclusively establishes probable cause to believe the charged defendant committed the crimes charged. *Kaley v. United States*, 571 U.S. 320, 328 (2014); *Morfin v. Tillerson*, 851 F.3d 710, 713 (7th Cir. 2017). An indictment further "triggers issuance of an arrest warrant without further inquiry into the case's strength." *Kaley*, 571 U.S. at 329 (internal quotations omitted). "The grand jury, all on its own, may effect a pre-trial restraint on a person's liberty by finding probable cause to support a criminal charge." *Id.*

Here, the Clerk of Court issued the warrant pursuant to the Grand Jury's indictment which found, based on evidence given under oath, that probable cause existed to believe that Turner had committed the three federal crimes charged in the indictment, and the warrant particularly identified Turner by name. Thus, the warrant complied with the Fourth Amendment. Any impropriety that may have existed in procuring Turner's arrest on state charges was superseded by the validly obtained federal warrant. Counsel was not deficient for failing to challenge the federal warrant, and any such challenge would not have had a reasonable

chance of changing the result of the proceedings. The Court therefore rejects Ground 1.c as a basis for § 2255 relief.

### 2. Dismissal of the Indictment

When a petitioner claims his counsel was ineffective for failing to file a motion to dismiss the indictment, the petitioner must show the motion would have been meritorious. *See Blake v. United States*, 723 F.3d 870, 885 (7th Cir. 2013). "It is not ineffective assistance for counsel to not file a meritless motion." *United States v. Nolan*, 910 F.2d 1553, 1564 (7th Cir. 1990). In Grounds 2 and 3, Turner faults his counsel for failing to seek dismissal of the indictment on a variety of grounds that involve events in state court that are not reflected in the record of this case. There is simply not enough information in Turner's § 2255 motion or the record of the case to determine whether a motion to dismiss the indictment would have been successful on any grounds or whether there is a reasonable probability that Turner would not have pled guilty had such a motion been filed.

### C. Ground 5: Double Jeopardy

Turner claims his convictions on both Counts 1 and 2 place him in Double Jeopardy in violation of the Fifth Amendment. The Fifth Amendment provides, "No person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This prohibition establishes the right not to be punished twice for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *United States v. Morgan*, 929 F.3d 411, 421 (7th Cir. 2019); *United States v. Hatchett*, 245 F.3d 625, 630 (7th Cir. 2001) (citing *Illinois v. Vitale*, 447 U.S. 410, 415 (1980)). "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *accord United States v. Burrows*, 905 F.3d 1061,

1065 (7th Cir. 2018).

Turner argues Counts 1 and 2 amount to the "same offense" because they involved the same facts, violation of the same statute, and the same investigation. They do not, however, actually involve the same facts. Count 1 charged Turner with distributing methamphetamine on or about March 17, 2017, and Count 2 charged him with distributing methamphetamine on or about April 5, 2017. Each distribution conviction required proof of different conduct on different occasions, so they were not the "same offense." *See, e.g., United States v. Wood*, 983 F.2d 1074, 1993 WL 3069, at *1 (7th Cir. Jan. 7, 1993) (Table; offenses occurring on different dates with different victims are not same offense for double jeopardy purposes). Thus, Counts 1 and 2 are not the "same offense" for double jeopardy purposes, and each can be punished separately without violating the Double Jeopardy Clause. Ground 5 does not warrant relief under § 2255.

## IV. Conclusion

The Court rejects as a basis for 2255 relief Grounds 1.c, 4, and 5. The Court **ORDERS** the Government to file a response to Grounds 1.a, 1.b, 2, and 3 of the petitioner's § 2255 motion within **FORTY-FIVE DAYS** of the date this order is entered. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case. The petitioner shall have 30 days to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:   June 21, 2021**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**