UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT T. TURNER,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 20-cv-50-JPG
Criminal No 17-cr-40035-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Robert T. Turner's motion to reconsider (Doc. 19) the Court's June 7, 2022, order and judgment (Docs. 17 & 18) denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has responded to Turner's motion (Doc. 20).

The Court denied Turner's § 2255 motion because it found he had not carried his burden of showing counsel was deficient or that he was prejudiced from counsel's performance. The Court further declined to allow Turner to amend or supplement his motion because his new arguments would be frivolous and would cause unnecessary delay. The Court directs the reader to its prior order (Doc. 17) for the background of Turner's conviction on three counts of possessing or distributing various amounts of methamphetamine.

### I.    Reconsideration Standard

The Court construes Turner's motion as under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment because it was filed within 28 days of entry of judgment. Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as

pursuant to Rule 60(b).  *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion.").

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).  A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted).  Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876; *accord A&C Constr.*, 963 F.3d at 709.  The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted).  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

**II.     Analysis**

Relief under Rule 59(e) is not warranted.  Turner has not pointed to any newly discovered material evidence, intervening changes in the controlling law, or manifest errors of

law or fact that justify reconsideration of the judgment.

    A.    <u>Drug Quantity</u>

Turner first asserts that no drug quantity was charged in Count 3 as the Court stated in its order. To the extent he is asserting a manifest error of fact, he is wrong. Count 3 charged Turner with possession with intent to distribute methamphetamine and specifically alleged "that the total amount of mixture and substance containing methamphetamine involved was fifty (50) grams or more of methamphetamine (Ice), or five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine. . . ." Indictment 2 (Case No. 17-cr-40035-JPG, Doc. 1). Turner admitted the involvement of this quantity of methamphetamine in his guilty plea colloquy. The Court made no error of fact.

    B.    <u>Attempt</u>

Turner further asserts a recent change in the law. He asserts that under the recent Supreme Court decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), he could only be convicted of attempted distribution of methamphetamine, not actual sales, since he sold methamphetamine to a confidential source working on behalf of the Government. To the extent he is asserting a manifest error of law or a change in the controlling law, he is again wrong. He was, in fact, convicted by his own guilty plea of *actually* distributing methamphetamine, an offense adequately supported by the Government's proffer of evidence and his admissions in the plea colloquy, not of *attempting* to distribute methamphetamine. Furthermore, none of his prior convictions used to support career offender status or an enhanced statutory sentencing range were attempts.

*Taylor* concerns whether an *attempted* Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) counts as a "crime of violence" for the purposes of the offense of using, carrying or

possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).   Turner's conviction had nothing to do with the Hobbs Act, any attempted crime, the use of force, a crime of violence, or firearm possession.   *Taylor* simply does not reveal that the Court made any error in its judgment.

To the extent Turner asserts that his prior drug convictions cannot support career offender status or a statutory sentence enhancement under 21 U.S.C. § 841(b), the Court already addressed those points in its June 7, 2022, order.

C.  Ineffective Assistance of Counsel

Turner's third and fourth points assert new instances of ineffective assistance of counsel that Turner could have and should have raised in his original § 2255 motion.   The Court has already declined to allow Turner to add new instance of ineffective assistance of counsel in an amended § 2255 motion because the new arguments would be futile, should have been raised in his original § 2255 motion, and would cause unnecessary delay in the conclusion of this case. The two instances he seeks to add here would pose the same problems.

In his new allegations of ineffective assistance, he seeks to take advantage of new provisions in the First Step Act of 2018—redefining predicate acts for enhanced sentencing ranges under 21 U.S.C. § 841(b), Pub. L. No. 115-391, § 401(a)(2), 132 Stat. 5194, 5220 (2018)—that, by the terms of the statute itself, do not apply retroactively to cases like Turner's where the Court had already imposed sentence, Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5221 (2018).

Turner also wants to add the allegation that his counsel was ineffective for failing to make certain arguments at sentencing, including requesting a downward variance.   Counsel actually sought a downward variance and did an otherwise competent job of making all

4

reasonable arguments for the lowest sentence possible.

### III. Conclusion

Because Taylor has not pointed to any newly discovered material evidence, intervening changes in the controlling law, or manifest errors of law or fact that justify reconsideration of the judgment, the Court **DENIES** his motion for reconsideration (Doc. 19).

If Turner wishes to appeal the judgment in this case or this decision, he must file a notice of appeal with this Court within 60 days of entry of this order.   Fed. R. App. P. 4(a)(1)(B) & 4(a)(4).

**IT IS SO ORDERED.**
**DATED:   September 16, 2022**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**